UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KWAME BURRELL,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.

Case No. 20-10161
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

In 2009, Kwame Burrell was charged with strangling Kiesha French to death. He eventually pled guilty to second-degree murder and is serving a sentence of up to 50 years in prison. In 2020, Burrell filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Warden argues that the petition should be dismissed because it was filed eight years after the state-court judgment became final, meaning that Burrell failed to comply with the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). The Court agrees and DENIES the petition as untimely.

**I.**

On October 21, 2009, Burrell pled guilty to second-degree murder. (*See* ECF No. 6-4, PageID.152–153.) On December 2, 2009, Burrell was sentenced to 26 years, 3 months to 50 years in prison. (*See* ECF No. 6-5, PageID.175.)

Shortly thereafter, Burrell requested counsel to represent him on

appeal. (ECF No. 6-1, PageID.64.) His appointed counsel believed that only frivolous issues could be identified for appeal and asked the trial court to withdraw the order appointing him. (ECF No. 6-7.) The trial court granted the motion on May 19, 2010, in a one-page order and did not appoint another lawyer. (ECF No. 6-8.) Over a year later, Burrell filed a motion requesting appointment of substitute appellate counsel. (*See* ECF No. 6-9.) The trial court denied the motion on October 25, 2011. (*See* ECF No. 6-10.)

Six years later, on October 27, 2017, Burrell filed a motion for relief from judgment in the trial court claiming that the trial court's failure to appoint substitute appellate counsel violated his right to due process. (*See* ECF No. 6-11.) The trial court denied the motion. (*See* ECF No. 6-12.) The Michigan Court of Appeals denied Burrell's application for leave to appeal, *People v. Burrell*, No. 347776 (Mich. Ct. App. July 2, 2019) (unpublished order available at ECF No. 6-14), and, on November 26, 2019, the Michigan Supreme Court also denied leave to appeal, *People v. Burrell*, 935 N.W.2d 340 (Mich. 2019).

Burrell filed this habeas corpus petition on January 16, 2020. (*See* ECF No. 1.) The Warden seeks to dismiss the petition as untimely. (*See* ECF No. 5.) Burrell filed a reply arguing that he was not competent to plead guilty in 2009 and that the judgment is therefore void, making the statute of limitations inapplicable. (*See* ECF No. 7.)

## II.

Outside of a few contexts that are not relevant here, the Antiterrorism

2

and Effective Death Penalty Act provides that a federal habeas petitioner must file his petition within one year from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *See* 28 U.S.C. § 2244(d)(1)(A). And if that limitations period runs out, AEDPA "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling" or based on new evidence of the petitioner's actual innocence. *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Court must first determine when Burrell's judgment became final. Burrell was sentenced on December 2, 2009. He did not directly appeal his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. So Burrell's conviction became final when the time for pursuing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Under then-existing Michigan law, Burrell had one year—until December 2010—to seek leave to appeal to the state appellate courts. *See* Mich. Ct. R. 7.205(F)(3) (2009) (later amended to provide only six months to seek leave to appeal, *see* Mich. Ct. R. 7.205(A)(2)(a)). He did not do so, and his conviction became final in December 2010. So the one-year limitations period expired in December 2011. *See* 28 U.S.C. § 2244(d); *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006).

Burrell signed and dated his petition on January 16, 2020, and it is considered filed on that date. (ECF No. 1, PageID.7); *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016). So the petition was filed over

3

eight years after the limitations period expired and is untimely.[1]

The conclusion that the petition is untimely would seemingly end the matter. But Burrell argues that the statute of limitations does not bar review of his petition because he "suffers from a void judgment which can be raised at any time and has no bar when it comes to AEDPA." (ECF No. 7, PageID.307.) And the judgment is void, says Burrell, because the trial court violated state law when it declined to appoint replacement appellate counsel and failed to make a competency determination. (*Id.*)

The Sixth Circuit has squarely rejected the argument that an attack on the validity of an underlying state-court judgment can overcome a time-bar. AEDPA's statute of limitations reads as follows: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In *Frazier v. Moore*, that court explained that this language "requires only custody 'pursuant to the judgment of a state court.' Nothing in the text requires that the judgment be valid under state or federal law." 252 F. App'x 1, 6 (6th Cir. 2007). Similarly, in *Witherell v. Warren*, the court said "[e]ven if a state court conviction is void, the federal habeas statute of limitations still applies where the petitioner is in custody pursuant to that state court judgment." No. 18-1409, 2018 WL 4897064,

---

[1] Burrell filed a motion for relief from judgment on October 27, 2017, but that motion had no effect on the already-expired statute of limitations. *See* **Error! Main Document Only.***Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (the filing of an application for state post-conviction relief does not "restart the clock at zero" or toll a limitations period that has fully run).

4

at *3 (6th Cir. June 21, 2018). So because Burrell is in custody pursuant to a state-court judgment, the statute of limitations applies to him whether or not the judgment is valid.

Thus, absent a showing of equitable tolling or actual innocence, the petition is time-barred. The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation omitted). The party seeking equitable tolling bears the burden of proving he is entitled to it, and such relief is granted only "sparingly" by federal courts. *Id.* A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Burrell is not entitled to equitable tolling. Though he does not cast his argument in terms of equitable tolling, the closest he comes to explaining his delay in filing this habeas petition is that he was not aware of his right to appellate counsel until another prisoner showed him *People v. Atwood*, 875 N.W.2d 200 (Mich. 2016). But, as the Warden argued, *Atwood* did not establish any new law and merely relied on longstanding Supreme Court precedent. (ECF No. 5, PageID.49); *see Atwood*, 875 N.W.2d 200 (citing *Anders v. California*, 386

5

U.S. 738 (1967) and *Halbert v. Michigan*, 545 U.S. 605 (2005)). Stated differently, Burrell could have made a similar claim before he was aware of *Atwood* specifically. So Burrell has not shown that he was diligently pursuing his rights. And, in any case, a petitioner's "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

Burrell also says that he is mentally ill, which is arguably an attempt to use the "extraordinary circumstances" route to tolling. But a "blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Burrell never suggested that his mental illness prevented him from timely filing a habeas petition, and he was clearly able to file motions in the state court over the last decade. (*See* ECF Nos. 1, 6-1, 7.) So this argument cannot excuse the time-bar either.[2]

Finally, Burrell cannot overcome the time-bar by making a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399–400 (2013). A

---

[2] The Court is aware that the Sixth Circuit recently found a Michigan trial court's failure to appoint replacement appellate counsel unconstitutional under somewhat similar circumstances. *See Pirkel v. Burton*, 970 F.3d 684, 697 (6th Cir. 2020) (finding that the trial court violated a habeas petitioner's constitutional right to appellate counsel when the trial (rather than appellate) court determined there were no appealable issues, when appellate counsel filed a defective brief, and when the court failed to conduct an independent review of the merits of an appeal). But because the petition is time-barred and the untimeliness cannot be excused, the Court cannot reach the merits.

credible actual innocence claim requires a habeas petitioner to support allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Burrell presents no new, reliable evidence to establish that he was actually innocent of French's murder. (*See* ECF Nos. 1, 7.)

In sum, Burrell's complaint is time-barred and is not excused by equitable tolling or evidence of actual innocence.

### III.

For the foregoing reasons, the Court DENIES Burrell's petition for a writ of habeas corpus. (ECF No. 1.) A separate order on Burrell's certificate of appealability and a separate judgment will follow.

SO ORDERED.

Dated: June 17, 2022

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE